*323 The opinion of the Court was delivered by
Wardlaw, J.
This case depends upon the propriety of the remittance which the defendant made. If the plaintiffs authorized that remittance to be made at the time and in the mode which were taken, they assumed the risk, and in effect agreed that the delivery of current bank bills, by a letter duly mailed and addressed to them, should be a payment to them; and this, notwithstanding that the note, then long past due, was payable at their Office in Charleston.
Improper delay has been imputed to the defendant. Iiis letter to plaintiffs was dated December 18th, and was answered December 16th. From this it is apparent that communication between the parties by mail required only a short time, and it is argued that the remittance should have been made about December 20th, that the delay until January 11th was unjustifiable. But it is to be observed that it was only the amount of his account, (which when corrected, was seventy-eight dollars and sixty cents,) which in the letter of December 13th, defendant said he was ready to remit; that payment of the note by Mr. Wall, was in contemplation of the parties, although the plaintiffs held the defendant to his liability thereon; that in the letter of December 16th, the plaintiffs sent a statement, wherein the interest of the note is calculated until December 30th, the defendant is called the hearer, and is instructed to collect; and that the whole amount set down in the statement (two hundred and ninety-seven dollars and thirty-seven cents,) was remitted, showing that the collection was not made before December 30th. Under these circumstances, the delay does not seem to be such as was inconsistent with the instructions.
' The term remit does not of itself mean remit hy mail. But when it is remembered that Cook’s Law Office, the place of defendant’s residence, was remote from any bank; that a safe private conveyance thence to Charleston was not likely to be obtained in reasonable time, and that remittance by mail was there usually adopted and had proved safe, it will be perceived *324 that in using the term remit, the defendant had reference to the mail. And the letter of the plaintiffs wherein the defendant is directed to “ remit to us as soon as received,” and told that by so doing he would “ confer an obligation,” shows that the plaintiffs used the term in the same sense as defendant had done. How was the defendant to remit as soon as received, if he was not to do it by mail ?
It has been suggested that the defendant should have cut the bills, and sent halves by one mail, and the other halves by the next mail. This measure of caution may be sometimes advisable, but it is enough for this case to say, that the plaintiffs did not expressly require it, and that its adoption is not so usual that a direction to remit by mail must be presumed to imply it.
Notice of the remittance given immediately afterwards, (to confirm the transaction as some of the witnesses phrase it,) does not appear to the Court to be, in the absence of express instructions, required by reason or established usage. The letter containing the remittance, of course contained notice of it. The expectation of all parties was, that that letter would be received in due course of mail, and the propriety of defendant’s inquiring about it, before the delay of an answer acknowledging its receipt excited his alarm, does not appear so plain, that from the defendant’s delay until February 13th, blameable negligence on his part must be inferred. If the plaintiffs directed the remittance by mail, as we think they did, it was for them to add the requisition of any special formalities not usual in the regular deposit of a letter in the post-office, which they intended to make conditions of their agreement to assume the risk.
The motion is dismissed.
Withers and Glover, JJ., concurred.

Motion dismissed.